**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

JERMAINE DELESTON,

Plaintiff,

v.

TURNMILL LLC d/b/a Turnmill, and
HARVARD AGENCY CO., INC.,

Defendants.

-----------------------------------------------------------x

CASE NO.: 1:19-cv-10047-GBD

**STIPULATION AND**
**~~[PROPOSED]~~ CONSENT**
**DECREE**

This Stipulation and Consent Decree is entered into by and between Jermaine Deleston ("Deleston" or "Plaintiff") on the one hand, and Turnmill LLC, d/b/a Turnmill ("Turnmill"), and Harvard Agency Co., Inc. ("Harvard Agency") (collectively, "Defendants"), on the other hand. Deleston and Defendants are each sometimes individually referred to herein as a "Party" and collectively as the "Parties." The Stipulation and Consent Decree is effective as of the date of the latest signature herein (the "Effective Date").

**WHEREAS**, Plaintiff has filed a civil action styled *Jermaine Deleston v. Turnmill LLC d/b/a Turnmill, and Harvard Agency Co., Inc.* in the United States District Court for the Southern District of New York (hereinafter, the "Court"), Case No. 1:19-cv-10047-GBD (hereinafter, the "Action") alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., and its implementing regulations known as the ADA Accessibility Guidelines (together, the "ADA"), the New York State Human Rights Law (the "NYSHRL") and/or the New York City Human Rights Law (the "NYCHRL") (together, the "Alleged Claims"), in connection with the business known as Turnmill (hereinafter, the "Subject Facility") located at 119 East 27th Street, New York, NY 10016 (hereinafter, the "Premises");

{Client/086259/1/02421280.DOCX;3 }

WHEREAS, the Complaint in the Action alleges that Defendants have discriminated against Plaintiff, and others similarly situated, due to the Alleged Claims at the Subject Facility and Premises, which have caused injury and/or damages to the Plaintiff.

WHEREAS, the Complaint in the Action seeks relief for the benefit of Plaintiff with respect to the Subject Facility and Premises;

WHEREAS, Defendants have denied and continue to deny the Alleged Claims and the allegations set forth in the Action, and nothing contained in this Stipulation and Consent Decree nor the facts of its negotiation or execution is deemed to be, nor shall it ever be construed or said to be, an admission or concession by either of the Defendants of any point or fact of law, and shall not be offered or received in evidence as evidence of any admission or concession of any wrongdoing or liability to Plaintiff or any other person;

WHEREAS, Plaintiff and Defendants, having carefully and amicably considered the issues of damages, costs, attorneys' fees and affirmative injunctive relief sought by Plaintiff, wish to avoid the expense, uncertainty, and inconvenience of further litigation, and to fully and finally resolve and settle to this date all claims, disputes, and causes of action relating to the Subject Facility and Premises, including the Action and the Claims, without further litigation on the terms and conditions set forth herein; and

WHEREAS, Plaintiff and Defendants acknowledge that this Stipulation and Consent Decree encompasses an inclusive list of alleged conditions at the Subject Facility and the Premises that are alleged to be in violation of the ADA, NYSHRL and/or NYCHRL by Plaintiff and that, on recommendation and evaluation by professionals retained by the parties, have been determined to be capable of alterations, modifications and/or adjustments that are technically

feasible, reasonable, and readily achievable given the size and space limitations of the Subject Facility and Premises and for practical, architectural, structural and financial reasons; and

**WHEREAS**, the Court has reviewed this proposed Stipulation and Consent Decree and has concluded that the Stipulation and Consent Decree provides a fair, reasonable, and adequate basis for settling the Action;

**NOW THEREFORE**, in consideration of the mutual covenants contained herein and other valuable consideration, the receipt and adequacy of which are hereby acknowledged, it is hereby stipulated and agreed by and between the Parties and Ordered by the Court as follows:

**Recitals**: The Parties acknowledge that all of the "WHEREAS" clauses preceding paragraphs are incorporated as material parts of this Agreement.

1.  **SETTLEMENT PAYMENT.** In full and final settlement of the Action, and in consideration of the terms, conditions and mutual releases in this Stipulation and Consent Decree, Turnmill will pay subject to the agreed upon payment terms the amount set forth in that Confidential Side Agreement executed concurrently with this Stipulation and Consent Decree (hereinafter, the "Settlement Amount") as full and final settlement of all of the Plaintiff's monetary claims in the Action. This Settlement Amount represents compensatory damages to Plaintiff in the sum of $1,000.00 and all agreed attorneys' fees, costs, and expenses that are related to this Action, whether before or after the date of this Stipulation and Consent Decree. Notwithstanding the foregoing, this Settlement Amount shall not include reasonable attorneys' fees, costs, collection fees and expenses incurred by the Plaintiff and/or Plaintiff's counsel incurred in the enforcement of this Stipulation and payment of the Settlement Amount. This Action and all deadlines shall be stayed for a period of up to 30 days so that the parties can ensure the Turnmill's timely and full payment of the Settlement Amount.

2.    **NO ADMISSION OF LIABILITY.** The Parties agree that this Stipulation and Consent Decree is made for the sole purpose of compromising claims that are disputed. The Plaintiff agrees and acknowledges that this Stipulation and Consent Decree (including any of its discrete sub-parts) is not and shall not be construed as an admission by the Defendants of any liability or any act or wrongdoing whatsoever, including without limitation, any violation of (1) any federal, state or local law, statute, regulation, code or ordinance; or (2) of any legal, common law or equitable duty owed by the Defendants to anyone.

3.    **REMEDIATION PLANS.** For the purpose of improving the accessibility of the Subject Facility at the Premises, Defendants shall, to the extent not already provided, in accordance with the "readily-achievable" and "technically-feasible" standards of the ADA, make modifications (hereinafter, "Accessibility Modifications") to the Subject Facility as follows:

   (a) Turnmill shall cause to be constructed a permanent ramp at the front entrance of the Premises in accordance with the architectural plans annexed hereto as Exhibit "A".

   (b) Turnmill shall cause the remediations set forth on Exhibit "B" annexed hereto to be done.

   (c) Harvard Agency shall not unreasonably withhold consent with regard to the remediations set forth in Exhibits "A" and "B" annexed.

   (d) Defendants shall have up to six (6) months from the Effective Date of this Agreement to complete the Accessibility Modifications. The above time period for completion shall be subject to acts of God, *force majeure*, or events beyond the control of Defendants, such as contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the repairs set forth herein will be extended by the number of days reasonably attributable to such delay-

causing event. If Plaintiff or his counsel believe that this Stipulation and Consent Decree or any portion of it has been violated, Plaintiff or his counsel shall give notice (including reasonable particulars) of such violation to Defendants. Defendants must respond to such notice as soon as practicable but no later than thirty (30) days thereafter. Plaintiff or his counsel and Defendants shall negotiate in good faith in an attempt to resolve any dispute relating thereto.

(e) In the event additional time is required to complete the accessibility modifications set forth in Exhibits "A" and "B" annexed because of permit delays, the time of construction shall be extended thereby without the need of additional court approval.

4.     **RELEASES.**

**4.1 Release of Defendants.** In consideration of the full payment and receipt of the Settlement Amount and performance of the Accessibility Modifications, Plaintiff, on behalf of himself and his heirs, beneficiaries, executors, administrators, attorneys, successors, assigns, and agents, past and present, expressly and forever, waives, discharges, releases and covenants not to sue Defendants, their respective heirs, agents, lessees, predecessors, management companies, parents, subsidiaries, divisions, affiliates, assigns, officers, shareholders, stockholders, directors, officers, board members, insurers and employees, past, present and future, and their successors, assigns and agents, as well as any other persons or entities, known or unknown to Plaintiff, liable or who might be claimed by Plaintiff to be liable (collectively, the "Released Parties") of and from any and all claims of any kind whatsoever, brought in any individual or representative capacity, whether known or unknown, which the Plaintiff ever had or now has, against the Released Parties from

the beginning of the world to the Effective Date of this Agreement, in connection with this Action, in law or equity, regardless of damages, including but not limited to, any claims that were or could have been asserted, including any claims that were or could have been asserted in the Action, including but not limited to any attorneys' fees, claims for injunctive relief, statutory damages, and bodily and/or physical injury, relating to any conduct or matter occurring on or prior to the Effective Date, including but not limited to conduct relating to any claims which are known or unknown, fixed or contingent, and by reason of any matter, cause, thing, charge, claim, right or action whatsoever, against and as to the Defendants and/or any of the other Released Parties, including, but not limited to any alleged conduct of the Defendants and the Released Parties which might be alleged by Plaintiff to constitute disability discrimination, or any claim or right under the Americans With Disabilities Act, 42 U.S.C. §12101 et seq., the New York Human Rights Law, New York City Human Rights Law, or any other provision of federal, New York State, New York City, or local statutory or common law, provided, however, that the foregoing release and discharge shall not apply to the enforcement of any of the obligations embodied in this Agreement.

**4.2 Release of Plaintiff.**  Defendants hereby release, acquit, remise and forever discharge Plaintiff (including his agents, assigns, heirs, and attorneys) from all claims, causes, damages, demands, liabilities, equities, whether known or unknown from the beginning of the world to the date of this Consent Decree, specifically any claims relating in any way to this Property or the above captioned action.

Case 1:19-cv-10047-GBD   Document 47   Filed 07/23/21   Page 7 of 18

5.   **DISMISSAL WITH PREJUDICE.**   The Action shall be dismissed with prejudice.   Contemporaneous with their execution of this Stipulation and Consent Decree, counsel for Plaintiff and Defendants shall execute a Stipulation of Dismissal with Prejudice in the form attached hereto.   Upon the Court's So Ordering of this Stipulation and Proposed Consent Decree and if the Court declines to So Order this Stipulation and Proposed Consent Decree then upon transferring and confirmed receipt by Plaintiff's counsel of the full Settlement Amount in accordance with the Confidential Side Agreement, counsel for Defendants will file the Stipulation of Dismissal with Prejudice, without further notice, with the United States District Court for the Southern District of New York subject to the terms and conditions of the Confidential Side Agreement.

6.   **NON-DISPARAGEMENT.** The Parties agree that they shall not make, or cause to be made, any statement or communicate any information (whether oral or written) that disparages or reflects negatively on any Party.   For the avoidance of any doubt, the Parties expressly agree not to publish (in hard-copy or electronically), state or otherwise communicate, directly or indirectly, any information, data or documents regarding the Subject Facility, the Premises, the Claims, or the Action.

7.   **COSTS AND EXPENSES.**  The Parties shall bear their own costs and expenses incurred in connection with the Action and in connection with the preparation and execution of this Stipulation and Consent Decree including, without limitation, any attorneys' fees, except as set forth herein.

8.   **BINDING NATURE OF THIS STIPULATION AND CONSENT DECREE.** This Stipulation and Consent Decree is binding on and inures to the benefit of Plaintiff and Defendants and all persons or entities represented by or claiming through them, including,

without limitation, their past, present and future executors, administrators, heirs, attorneys, agents, servants, representatives, insurers, adjustors, employees, affiliates, partners, predecessors and successors in interest, assigns, and all other persons or entities with whom any of the former have been, are now or may hereafter be affiliated. This Stipulation and Consent Decree shall be a fully binding and complete settlement between the Parties and all persons or entities represented by or claiming through them. If the Court declines to "So-Order" this Stipulation and Consent Decree, the terms and conditions of this Stipulation and Consent Decree shall nevertheless be fully binding upon the Parties as an agreement in settlement of the Action.

9.   **ENTIRE AGREEMENT.**   This Stipulation and Consent Decree and the Confidential Side Agreement referenced herein constitutes the entire agreement of the Parties with respect to the subject matter hereof. All prior negotiations, agreements, understandings and statements made by the Parties concerning the subject matter hereof which have occurred prior to the execution of this Stipulation and Consent Decree are superseded and merged into this completed integrated Stipulation and Consent Decree.

10.   **COUNTERPARTS/FAX EXECUTION.**  This Stipulation and Consent Decree may be executed and delivered in counterparts, including .pdf or facsimile copies, each of which, when so executed and delivered, shall be an original, and all of which, when taken together, shall constitute one agreement.

11.   **AUTHORITY.**  Plaintiff and Defendants each warrant and represent that the persons and entities executing this Stipulation and Consent Decree are duly empowered and authorized to do so, and that this Stipulation and Consent Decree, when signed by all the Parties hereto, is a valid and binding agreement, enforceable in accordance with its terms.

12.    **NO ASSIGNMENT.** Each Party hereby represents to the other Parties that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity whatsoever, any of the claims released hereunder. Each Party agrees to indemnify and hold harmless the other Parties with respect to any claim, demand, debt, obligation, liability, cost, expenses, right of action or cause of action, based on, arising out of, or in connection with, any such transfer or assignment or purported transfer or assignment.

13.    **MODIFICATION; WAIVER.** This Stipulation and Consent Decree may not be modified or amended, and none of its provisions may be waived, except by an instrument in writing executed by all of the Parties hereto. No waiver or breach of this Stipulation and Consent Decree shall be deemed a waiver of any subsequent breach or default of the same or different nature, or an election of any remedy available to any Party.

14.    **DRAFTING.** No Party shall be deemed to be the drafter of this Stipulation and Consent Decree, but it shall be deemed that this Stipulation and Consent Decree was jointly drafted by all Parties hereto. The terms of this Stipulation and Consent Decree shall not be interpreted or construed in favor of or against any Party hereto.

15.    **APPLICABLE LAW.** This Stipulation and Consent Decree is deemed to have been entered into in the State of New York and shall be interpreted and enforced in accordance with its laws. Any proceeding to address a dispute among the Parties arising out of this Stipulation and Consent Decree shall be brought in the federal or state courts located in New York, New York, and the Parties hereby submit to the jurisdiction of such courts and waive any and all objections to venue in such courts.

16.    **ENFORCEABILITY.** In the event that any provision of this Stipulation and Consent Decree is deemed to be illegal or unenforceable, such a determination shall not affect

the validity or enforceability of the remaining provisions hereof, all of which shall remain in full force and effect.

17.    **NOTICE.**  All notices given hereunder shall be in writing and shall be sent by e-mail, registered or certified mail, internationally recognized private express mail service (e.g., Federal Express) or delivered by hand and, and shall be deemed to have been given on the date so delivered, and shall be delivered to the respective addresses set forth below or such other address as such Party may designate in writing:

If to Plaintiff, addressed to:

> Bashian & Papantoniou, P.C.
> Attn: Erik M. Bashian, Esq.
> 500 Old Country Road, Suite 302
> Garden City, New York 11530
> Email. eb@bashpaplaw.com

If to Defendant Turnmill LLC d/b/a Turnmill, addressed to:

> Travis Law PLLC
> Attn: Christopher R. Travis, Esq.
> 80 Maiden Lane Suite 304
> New York, NY 10038
> Email: crt@ctravislaw.com

If to Defendant Harvard Agency Co., Inc., addressed to:

> Tarter Krinsky & Drogin LLP
> Attn: Richard L. Steer, Esq.
> 1350 Broadway
> New York, NY 10018
> Email: rsteer@tarterkrinsky.com

THE COURT HEREBY ORDERS THE CLERK TO ENTER THIS CONSENT DECREE ON THE CIVIL DOCKET SHEET.

SO ORDERED this 26 day of July, 2021.

*George B. Daniels*    'JUL 2 6 2021'

HON. GEORGE B. DANIELS

UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF NEW YORK

Stipulated to by the Parties as indicated by the signatures appearing below.

Agreed to as of the Effective Date, by the undersigned parties:

AGREED TO AND ACCEPTED BY:

JERMAINE DELESTON

Dated: July 14, 2021

TURNMILL LLC d/b/a TURNMILL

By: TOM LUCAS
Dated: July 15, 2021

HARVARD AGENCY CO., INC.

By: Matthew Kiamie
Dated: July 15, 2021

and
APPROVED AS TO FORM ONLY:

Erik M. Bashian, Esq.
Attorneys for Plaintiff
Bashian & Papantoniou, P.C.
500 Old Country Road, Suite 302
Garden City, NY 11530

and
APPROVED AS TO FORM ONLY:

Christopher R. Travis, Esq.
Attorneys for Defendant Turnmill LLC
d/b/a Turnmill
Travis Law PLLC
80 Maiden Lane Suite 304
New York, NY 10038

and

[Cbono/058250/103424250.DOCX/1]

11

APPROVED AS TO FORM ONLY:

Richard L. Steer, Esq.
*Attorneys for Defendant Harvard
Agency Co., Inc.*
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018

**EXHIBIT A**



EXHIBIT A





**EXHIBIT B**

The following remediations shall be made in the Premises leased to Turnmill.

**Upstairs Bathroom**

- entry size is being increased with new larger door and jamb installed
- wall is being removed and room extended to give adequate maneuvering clearance
- new door to be installed with compliant door swing
- compliant doorknob to be installed
- compliant door lock to be installed
- required grab bars to be installed
- pipes and water lines to be insulated
- compliant soap dispenser to be installed at compliant height
- mirror to be installed at compliant height

**Bar Area**

- Certain handicapped accessible tables will be provided.

{Client/086259/1/02421300.DOCX;1 }                        **EXHIBIT B**